| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire JK-7682)<br>**KURTZMAN \| STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ  08033<br>steady@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Attorneys for Maureen P. Steady, as Chapter 7 Trustee | |
| In re:<br><br>TNT RENTAL, LLC,<br><br>                  Debtor. | Case No. 22-16751 (JNP)<br><br>Chapter 7<br><br>Hon. Jerrold N. Poslusny, Jr.<br><br>**Hearing Date:  February 28, 2023 at 11:00 a.m.** |

**MOTION OF MAUREEN P. STEADY, AS CHAPTER 7 TRUSTEE, FOR AN ORDER (A) APPROVING THE PAYMENT OF ALLOWED COMPENSATION AND EXPENSES TO CASPERT MANAGEMENT CO., INC. AND (B) AUTHORIZING AND DIRECTING TRUSTEE TO TRANSFER AUCTION PROCEEDS FROM THE ESTATE OF TNT RENTAL, LLC TO THE ESTATE OF MID ATLANTIC PARTY RENTAL, LLC**

      The motion (the "Motion") of Maureen P. Steady (the "Trustee"), as Chapter 7 trustee of the above-captioned debtor ("TNT"), by and through her undersigned attorneys, for an order pursuant to sections 363(b) and 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code") (A) approving the Trustee's payment of allowed compensation and expenses to Caspert Management Co., Inc. ("Caspert") and (B) authorizing and directing the Trustee to transfer certain auction proceeds from the estate of TNT to the estate of Mid Atlantic Party Rental, LLC ("Mid Atlantic") and, collectively with TNT, the "Debtors"), as more particularly described herein, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 363(b) and 105(a) of the Bankruptcy Code.

## BACKGROUND

3. On August 26, 2022 (the "Petition Date"), the Debtors filed respective voluntary petitions pursuant to Chapter 7 of the Bankruptcy Code.

4. The Debtors are affiliated by virtue of certain common ownership.

5. Thereafter, the Trustee was appointed interim trustee of both estates, has duly qualified and is presently so acting.

6. Prior to the Petition Date, the Debtors were engaged in the business of renting party inventory and equipment, including tents, tables, chairs and related goods (collectively, the "Assets") to commercial and residential customers.

7. On November 15, 2022, this Court entered respective orders granting the Trustee's motion (the "Auction Procedures Motion") for authority to conduct a public auction sale of the Assets and to sell the Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(b) and (f) of the Bankruptcy Code (the "Auction").

8. Caspert is the Trustee's duly appointed auctioneer in the Debtors' respective Chapter 7 cases. In conjunction with Caspert, the Trustee conducted the Auction over a two-day period on November 16 and 17, 2022.

9. Among other things, the orders approving the Auction Procedures Motion strictly required that the Assets be segregated for each Debtor in order to ensure that each estate would be credited with the appropriate auction proceeds and charged with the appropriate auction expenses.

10. In an effort to segregate the Assets, Caspert worked closely with the Debtors' principals to identify each lot and to assign the applicable proceeds to the appropriate estate. Despite these efforts, and in consultation with the secured creditor of Mid Atlantic, the Trustee has determined that auction proceeds allocable to Mid Atlantic were misidentified as TNT proceeds, thereby resulting in an overallocation of auction proceeds to the TNT estate.

11. On January 23, 2023, this Court entered respective orders in the Debtors' Chapter 7 cases approving Caspert's compensation and expense reimbursement, subject to the requirement that the Trustee withhold payment on such awards pending the entry of a further order approving the reconciliation of the auction proceeds and the transfer of funds from the TNT estate to the Mid Atlantic estate.

12. As a result of the Auction, the Trustee received and deposited auction proceeds totaling $372,210.60, of which $163,428.25 were credited to Mid Atlantic and $208,782.35 were credited to TNT.

13. . The Trustee has determined that the actual amount of auction proceeds attributable to Mid Atlantic is $311,360.50 and that the actual amount of auction proceeds attributable to TNT is $60,850.10

3

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

14. In order to reconcile the respective deposits, the Trustee is requesting authority to transfer the sum of $167,424.65 (the "True-Up Transfer") from the estate of TNT to the estate of Mid Atlantic. The True-Up Transfer is calculated as follows:

   a. The sum of $147,932.25, constituting the overallocation of auction proceeds to TNT in relation to the reconciled amount (i.e., $311,360.50 - $163,428.25) *plus*

   b. The sum of $19,492.40, constituting the amount necessary to compensate Caspert based on the Mid Atlantic Auction results in relation to the amount sought in Caspert's application for compensation filed in the Mid Atlantic case (inclusive of $10,000.00 in expense reimbursement).

15. By this motion, the Trustee seeks authority to make the True-Up Transfer and to compensate Caspert in the aggregate amount of $47,221.06 as follows:

   **a.** $6,086.00 from the TNT estate; and

   **b.** $41,135.06 (inclusive of expenses) from the Mid Atlantic estate.

16. For the reasons set forth above, the True-Up Transfer will enable the Trustee to reconcile and adjust the aggregate auction proceeds and to earmark them properly for each estate. In this regard, the Trustee submits that no creditor or interested party will be prejudiced by the requested relief since it reflects the actual market values generated from the public sale of the Assets and avoids a windfall for one estate to the detriment of the other.

17. The Trustee further submits that the relief requested herein is supported by ample business justification and the exercise of her fiduciary obligations to the creditors of each estate.

## NOTICE

18. Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) all creditors of the Debtors, including creditors known by the Trustee to assert a lien on either of the Debtor's assets; and (iii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

19. The Trustee has not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an Order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: January 26, 2023                KURTZMAN | STEADY, LLC

                                       By:  */s/ Jeffrey Kurtzman*
                                            Jeffrey Kurtzman, Esquire

                                       Attorneys for Maureen P. Steady,
                                       as Chapter 7 Trustee